IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**KENNEDY M. RUSSEL,**

**Defendant.**                                                          No. 10-cr-30196-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Russell's motion under Fed.R.Crim P. 60(b)(2) & (6) (Docs. 89).[1] Specifically, Russell contends that the Court failed to notice that in Title 26 imposition of restitution is not typically authorized for Title 26 offenses unless agreed to by the parties. Further in support, Russell states: "This new evidence was in existence at the time of trial, which this party was unaware."

Federal Rule of Civil Procedure 60 provides that a court may "relieve a party ... from a final judgment, order, or proceeding [based on] newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2). A Rule 60 motion will be granted on the basis of newly discovered evidence only if the evidence is material and not merely

---

[1] Russell cites to Federal Rule of Criminal Procedure 60(b)(2) and (6) for the basis of his motion. The presumes that Russell meant to refer to Federal Rule of *Civil* Procedure 60(b)(2) and (6) as Federal Rule of Criminal Procedure 60 is not applicable as it relates to victim's rights.

cumulative or impeaching. *Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 732 (7th Cir. 1999). Relief under Rule 60 is an "extraordinary remedy that is only to be granted under exceptional circumstances." *Talano v. Northwestern Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001).

A review of Russell's arguments and the "newly discovered evidence" upon which he relies clearly reveals to this Court that this so called evidence is not "newly discovered evidence" and even Russell admits so himself. Further, Russell raises this issue in his pending § 2255 arguing that his trial counsel was ineffective in that "[t]rial counsel failed at sentencing to oppose imposition of 'restitution.'" Russell has not presented any exceptional circumstances that would justify relief under Rule 60.

Accordingly, the Court denies the motion (Doc. 89).

**IT IS SO ORDERED.**

Signed this 25th day of October, 2012.

Digitally signed by
David R. Herndon
Date: 2012.10.25
11:27:04 -05'00'

**Chief Judge
United States District Court**