IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENNEDY M. RUSSELL,

Defendant.                                              No. 10-cr-30196-DRH

MEMORANDUM and ORDER

HERNDON, Chief Judge:

On May 31, 2013, Russell filed *another* motion challenging the jurisdiction of this Court (Doc. 94). The Court notes that Russell also filed this pleading in his 28 U.S.C. § 2255 petition. *See Russell v. United* States, 12-1016-DRH; Doc. 45.1 Based on the following, the Court dismisses Russell's motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35,

---

1 The Court notes that on March 12, 2013, Russell filed a notice of appeal in his §2255 petition as to the Court's Order striking his amended complaint which Russell filed without leave of the Court and sought to additional defendants and claims that are not proper in a §2255 petition.

revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

  Here, Russell does not cite any case law or statute which allows the Court to consider his motion. Rule 35 is inapplicable because the motion is brought over 1 and ½ years *after* the sentencing and Judgment (September 16, 2011 & September 19, 2011, respectively); the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Russell could bring this motion is a § 2255 collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). However, as stated before Russell does have a 2255 petition pending and filed the motion in that case as well.

  Because the Court finds that Russell's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain

the motion. Accordingly, the Court dismisses for want of jurisdiction Russell's May 31, 2013 motion challenging the jurisdiction of this Court (Doc. 94).

**IT IS SO ORDERED.**

Signed this 3rd day of June, 2013.

Digitally signed by
David R. Herndon
Date: 2013.06.03
16:39:06 -05'00'

**Chief Judge**
**United States District Court**