IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENNEDY M. RUSSELL,

Defendant.                                                                                    No. 10-cr-30196-DRH

MEMORANDUM and ORDER

HERNDON, Chief Judge:

Now before the Court is Russell's motion to reevaluate restitution order (Doc. 104). Specifically, Russell, pursuant to 18 U.S.C. § 3664, moves the Court to reevaluate the monthly $200 restitution ordered as Russell is completely retired now at the age of 75 and he does not have the income to pay such monthly restitution. The government objects to the motion arguing that there is no material change in his economic circumstances that might affect the ability to pay. The government contends that income reported to the Court for consideration of restitution was from Social Security benefits and rental income as Russell informed the probation officer that he could not provide information regarding his wages because it varied by job. The government also contends that debts, expenses and assets were also included. Based on the following, the Court denies the motion.

18 U.S.C. § 3664(k) provides:

A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in the circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).

There are two hurdles that Defendant cannot overcome: 1) a material change in his economic circumstances; and 2) certification by the Attorney General of that change. Defendant's allegations do not constitute a material change in his economic circumstances. His income was not included in the formula that was used to calculate the $200 monthly ordered restitution payment, thus the fact that he is retired does not constitute a material change. See Doc. 47, ¶¶ 43, 45-48. Second, the Court has not received a certification stating the same from the Attorney General.

Accordingly, the Court **DENIES** the motion to reevaluate restitution order (Doc. 104) and the motion for judicial notice (Doc. 116).

**IT IS SO ORDERED.**

Signed this 30th day of October, 2013.

David R. Herndon
2013.10.30
06:44:33 -05'00'

**Chief Judge
United States District Court**